## T. LACOUR et al. *v.* Heirs of G. LACOUR, père.

The partition spoken of by Art. 1449 C. C., applies only to partitions regular in form, as donations *inter vivos* or *mortis causa*, and not to a mere division of property without writing. Such divisions can only give rise to collations among the heirs, whenever a definitive partition is made. This case remanded for such partition under the plaintiffs prayer for general relief.

APPEAL from the District Court of Nachitoches, *Chaplin*, J.
*H. Safford*, for plaintiffs and appellants.    *J. B. Smith*, for defendants.

MERRICK, C. J.    In the month of March, 1840, *Gasparite Lacour*, *père*, made a division among his children and grand-children, his presumptive heirs, of $48,000, in notes and obligations on various persons, it being the principal part of his estate.

No notarial act of this partition was made, and the only written evidence of it is an unsigned memorandum of the amounts which he distributed to each heir.

The plaintiffs in this action, representing persons who were minors at the time of the informal partition, complain that the promissory notes which were received by their tutor and tutrix at the division, were, for the most part, on persons insolvent, and prays that the other heirs be decreed to contribute such sums as will equalize the shares of the heirs, and for general relief in the premises.

The testimony is somewhat voluminous, but the view we take of the case, renders it unimportant at this time to analize it, or express an opinion as to its effect on the question of the solvency or insolvency of the debtors.

The District Court being of the opinion that relief could not be granted without an estimation of the property partitioned, and moreover that the plaintiffs could not recover unless it was alleged and proved that their co-heirs had received more than the disposable portion, which he thought had not been done, gave judgment in favor of the defendants, dismissing plaintiffs' demand.

The plaintiffs have appealed.

The partition spoken of by Article No. 1449 of the Civil Code, and on which the District Judge principally based his decree, applies only to partitions regular in form, as donations *inter vivos* or *mortis causa*. It cannot be understood of a mere division of property without writing, like the one in question, in the present case.    C. C. 1718, 1309, 1310.

We consider, therefore, the division made by *Gasparite Lacour*, *père*, in 1840, as only giving rise to collations on the part of those who received the respective claims allotted them, and not as a partition itself. It must follow that the heirs are bound to collate the value of the effects received by them respectively, according to the rules governing collations, whenever a definitive partition is made.    Although the proceeding was not formally commenced

as a suit for a partition, the evidence satisfies us that one should be ordered, and we think the proceeding may be continued under the prayer for general relief, in plaintiffs' petition.  C. C. 1218, 1219, 1438; Kenner's Digest, p. 781, No. 6.

We do not wish, in the present state of the case, to express an opinion further upon the facts, but prefer to leave them open for the action of the District Court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and that this case be remanded to the lower court, with directions to refer the case to a notary public for an inventory and partition, and to be further proceeded in before said District Court, according to law.   And it is further ordered, that the defendants pay the costs of appeal.

SPOFFORD, J., concurring.   I am under the impression that the plaintiffs sue, in affirmance of the informal partition, and are only seeking to enforce the mutual warranty implied between the parties to a definitive partition.   Considering the action in this aspect, the informalities alluded to might be considered as waived, and the partition ratified by the heirs, who are *sui juris*. If so, the case might now be decided upon this record.   But my colleagues being of a different opinion, rather than delay the cause another year, I assent to the decree remanding it, as the just rights of the parties may perhaps be more speedily adjusted by this course.